NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARLON LAWRENCE HOBBS, *Appellant.*

No. 1 CA-CR 16-0574
FILED 12-7-2017

Appeal from the Superior Court in Maricopa County
No.  CR2014-103805-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Maricopa County Legal Advocate's Office, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Marlon Lawrence Hobbs's ("Hobbs") convictions for misconduct involving weapons, possession or use of marijuana, and possession of drug paraphernalia.  Hobbs's counsel searched the record on appeal and found no arguable question of law that is not frivolous.  *State v. Clark*, 196 Ariz. 530 (App. 1999).  Hobbs was given the opportunity to file a supplemental brief *in propria persona* but did not do so.  Counsel now asks this Court to search the record for fundamental error.  After reviewing the entire record, we affirm Hobbs's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        In November 2013, Hobbs pawned a handgun at a pawnshop. A police officer received information that Hobbs was a prohibited possessor when Hobbs pawned the gun.  In January 2014, after receiving the information about Hobbs's status as a prohibited possessor, several officers went to Hobbs's residence to arrest him.  After his arrest, Hobbs gave an officer permission to enter his residence and retrieve his identification from a backpack.  The officer found a "metal police-type of badge" while searching in Hobbs's backpack.

¶3        The officer used the discovery of the badge and Hobbs's pawned handgun to apply for a search warrant.  Once the officers obtained the search warrant, they searched Hobbs's residence and found three guns, a ballistics vest, marijuana, and glass pipes.  The State charged Hobbs with four counts of misconduct involving weapons, misconduct involving body

---

[1]      We view the facts in the light most favorable to upholding the jury's verdict and resolve all inferences against Hobbs.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

armor, possession or use of marijuana, and possession of drug paraphernalia.

¶4 Hobbs proceeded to a jury trial on the four counts of misconduct involving weapons and one count of misconduct involving body armor. He was found guilty on the four weapons counts but was acquitted on the body armor count. The court then conducted a bench trial on the marijuana and drug paraphernalia counts and found Hobbs guilty on both counts. At a combined sentencing hearing, the court sentenced Hobbs to 10 years' incarceration on the weapons counts, and placed him on probation for three years on the drug counts. Hobbs timely appealed his conviction. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes sections 12–120.21(A)(1), 13–4031 and 4033(A)(1).

## DISCUSSION

¶5 The record reflects no fundamental error in pretrial proceedings. Hobbs rejected the State's plea offers after several settlement conferences and a *Donald* advisement. *State v. Donald*, 198 Ariz. 406 (App. 2000). Hobbs's case then proceeded to trial.

¶6 The record also reflects that Hobbs received fair jury and bench trials. Hobbs was either represented by counsel, or knowingly and voluntarily waived counsel at all stages of the proceedings against him, and Hobbs was either present, or waived his presence, at all critical stages. The jury was properly comprised of 12 members with two alternates.

¶7 The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict. The superior court properly denied Hobbs's motion for directed verdict in both the jury and bench trials. The superior court properly instructed the jury on the elements of the charges. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a unanimous verdict.

¶8 The superior court received a presentence report, accounted for mitigating factors, and properly sentenced Hobbs to 10 years' incarceration and placed him on three years' probation.

## CONCLUSION

¶9 We reviewed the entire record for reversible error and find none; therefore, we affirm the convictions and resulting sentences.

**¶10**        After the filing of this decision, defense counsel's obligation pertaining to Hobbs's representation in this appeal will end.  Defense counsel need do no more than inform Hobbs of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the Court's own motion, Hobbs has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Further, Hobbs has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.